# IN THE FEDERAL DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

HANY SHALABI,

Plaintiff,

v.

CITY OF CHICAGO, a municipal corporation,

Defendant.

Case No.: 21-cv-5623

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff HANY SHALABI, by and through undersigned counsel, bringing this Complaint and Jury Demand against Defendant City of Chicago, a municipal corporation, for violations of 42 U.S.C. § 1981 for race discrimination, and for religion, national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. In support of his claims, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This action is brought pursuant to 42 U.S.C. § 1981 for race discrimination and under Title VII of the Civil Rights Act of 1964, as amended, for religion and national origin discrimination and retaliation. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about October 14, 2020 and received a Notice of Right to Sue on July 23, 2021.

2.	Venue is proper under 28 U.S.C. § 1391(b). The parties reside and/or conduct business in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## THE PARTIES

3.	Plaintiff HANY SHALABI ("Plaintiff") was an applicant for a police officer position with Defendant.

4.	Defendant CITY OF CHICAGO ("Defendant") is a municipal corporation that includes the Chicago Police Department ("CPD"). At all times relevant in this Complaint, Plaintiff was an applicant for employment at Defendant.

## FACTUAL ALLEGATIONS

5.	Plaintiff is an Arab of Palestinian origin and a Muslim.

6.	Plaintiff applied for a police officer ("PO") position with the Chicago Police Department ("CPD") in April 2016.

7.	Plaintiff's professional experience included working for the Illinois Department of Corrections ("IDOC"), first as a correctional officer and then being promoted to work in IDOC's Intelligence Unit.

8.	Plaintiff's work at IDOC gave him extensive experience in using the statewide LEADS (Law Enforcement Agencies Data System) program and the CPD-specific CLEAR (Citizen and Law Enforcement Analysis and Reporting) program, thus making him a strong candidate for CPD police officer.

9.	Plaintiff complied with all of the procedures and requirements for becoming a police officer at Defendant, including providing information regarding background checks. Plaintiff also disclosed to Defendant that his wife was a police officer at Defendant.

10. After completing and successfully passing the initial mandatory tests, e.g., medical, written, physical agility, and polygraph, Plaintiff's application material was presented to the CPD Investigative Unit.

11. From April 2016 through July 2019, Plaintiff followed-up with his application numerous times because CPD had not provided a determination as to whether it would hire Plaintiff. CPD offered various excuses regarding the status of Plaintiff's application, such as his file being lost and CPD not knowing where his application was.

12. Plaintiff went to CPD Headquarters to inquire about his application, but received no clear answer as to its status.

13. In July 2019, Plaintiff received a call from someone within the CPD Investigative Unit and was told that if CPD continues to investigate his application and CPD decides to decline his application, then it will go in his record and it could interfere with future job applications. This same individual recommended Plaintiff withdraw his application; Plaintiff refused to do so.

14. Plaintiff has not heard from CPD since the aforementioned phone call.

15. The year prior to Plaintiff submitting his application for employment to Defendant, his wife was hired as a police officer with the CPD.

16. Plaintiff's wife engaged in protected activity after she became pregnant and sought accommodations. Defendant failed to immediately provide accommodations to Plaintiff's wife.

17. After returning from maternity leave, and while Plaintiff's application was still under review, Plaintiff's wife experienced continual harassment.

18. In 2018, while Plaintiff's application remained pending, Plaintiff's wife's lieutenant discovered the couple's involvement in pro-Palestinian rallies and her wearing a hijab. The lieutenant accused Plaintiff's wife of being an anti-Semite.

19. Other similarly situated, non-Arab, non-Palestinian, non-Muslim, 2016 police officer applicants have had a determination of their applications including acceptance.

20. Other similarly situated, non-Arab, non-Palestinian, non-Muslim, 2016 police officer applicants less qualified than Plaintiff have been hired by CPD.

21. Other similarly situated, non-Arab, non-Palestinian, non-Muslim, 2016 police officer applicants whose applications went through CPD's Investigative Unit did not have their applications pending for over five years. Plaintiff is aware of one individual who had a DUI conviction in his past and was hired by CPD two years after submitting his application.

22. Because of CPD's unlawful behavior, Plaintiff has suffered lost wages, emotional harm and suffering and other damages.

## COUNT I - § 1981 RACE DISCRIMINATION

23. Plaintiff reasserts and realleges all previous paragraphs as if fully stated herein.

24. Plaintiff is an Arab American.

25. Plaintiff was qualified for the job to which he applied.

26. Defendant discriminated against Plaintiff when it selected other less qualified, non-Arab candidates for police officer positions, but did not select Plaintiff.

27. Defendant's discriminatory conduct caused Plaintiff damages, including but not limited to, lost potential earnings and emotional harm.

## COUNT II – TITLE VII NATIONAL ORIGIN DISCRIMINATION

28. Plaintiff reasserts and realleges all previous paragraphs as if fully stated herein.

29. Plaintiff is of Palestinian national origin.

30. Plaintiff was qualified for the job to which he applied.

31. Defendant discriminated against Plaintiff when it selected other less qualified, non-Palestinian candidates for police officer positions, but did not select Plaintiff.

32. Defendant's discriminatory conduct caused Plaintiff damages, including but not limited to, lost potential earnings and emotional harm.

### COUNT III – TITLE VII RELIGIOUS DISCRIMINATION

33. Plaintiff reasserts and realleges all previous paragraphs as if fully stated herein.

34. Plaintiff is Muslim.

35. Plaintiff was qualified for the job to which he applied.

36. Defendant discriminated against Plaintiff when it selected other less qualified, non-Muslim candidates for police officer positions, but did not select Plaintiff.

37. Defendant's discriminatory conduct caused Plaintiff damages, including but not limited to, lost potential earnings and emotional harm.

### COUNT IV – RETALIATION

38. Plaintiff reasserts and realleges all previous paragraphs as if fully stated herein.

39. At the time of his application, Plaintiff disclosed that his wife was a police officer with CPD.

40. At or around the time of Plaintiff's application, Plaintiff's spouse engaged in protected activity when she requested accommodations for her pregnancy and complained about subsequent retaliation.

41. Plaintiff was qualified for the job to which he applied.

42. Defendant retaliated against Plaintiff when it selected other less qualified candidates who had not been associated with officers engaged in protected activity for police officer positions, but did not selected Plaintiff.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE Plaintiff HANY SHALABI respectfully requests the Honorable Court grant judgment in his favor and against Defendant, awarding:

A. Actual damages;

B. Compensatory Damages;

C. Punitive Damages;

D. An Injunction Prohibiting Defendant from Continuing Unlawful Employment Practices;

E. Costs;

F. Attorney's fees; and

G. Such other relief as the Court deems just and equitable.


Respectfully Submitted,
HANY SHALABI
Plaintiff

By:

Christina Abraham, Esq.
Abraham Law and Consulting, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 588-7150
Christina.w.abraham@gmail.com

Janaan Hashim, Esq.
Amal Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 882-4122
jhashim@amallaw.com

Attorneys for Plaintiff

October 21, 2021