## IN THE FEDERAL DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HANY SHALABI, | ) |
| | ) |
| Plaintiff, | ) Case No.: 21-cv-5623 |
| | ) |
| v. | ) Hon. Judge Manish S. Shah |
| | ) |
| CITY OF CHICAGO, a municipal corporation, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S CORRECTED MOTION FOR CONFIDENTIALITY ORDER

Plaintiff, HANY SHALABI, by and through the undersigned attorneys, asks the Court to deny Defendant, CITY OF CHICAGO's, motion for confidentiality order. In support of his opposition, Plaintiff states the following:

### RELEVANT FACTUAL BACKGROUND

1. Plaintiff is Hany Shalabi ("Plaintiff") and Defendant is the City of Chicago ("the City").

2. Plaintiff sued defendant for violations of Title VII for: national origin (Count II), religious discrimination (Count III), and retaliation (Count IV). (Dkt. 7.)

3. On July 27, 2022, the City sent Plaintiff a draft Confidentiality Order ("CO") and draft Protective Order. On July 28, the City sent a revised draft of the CO (Dkt 26-1). The City's second draft CO diverges significantly from the model order used by the Northern District of Illinois.

4. On July 28, Plaintiff objected to one section of the City's draft CO and raised a question with another. Specifically, with respect to section 2(a), Plaintiff objected to the City's provision

that "[b]efore producing any documents, counsel shall redact the social security number, driver's license number, birth date, home address, private email address, and personal telephone numbers of any individuals identified in the records." (Dkt. 26-1 p. 2). Plaintiff disputed the treatment of home addresses, private email addresses and personal telephone numbers as personally identifiable information that should be redacted from production to him. Plaintiff agreed to treat such information as Confidential, but objected to the production of said information in redacted form.

5. Plaintiff posed a question to the City with respect to section 2(b) of its draft CO. Specifically, Plaintiff asked the City why, if there was no dispute that CR files would be treated by the parties as Confidential, it was necessary to include provisions that would require an additional separate process for the treatment of CR files pursuant to Illinois FOIA law.

6. On July 29, the City responded to Plaintiff. With respect to section 2(a), it asked for confirmation as to whether Plaintiff would object to the redaction of the information the parties disputed was "personally identifiable information". It further stated, "If necessary, we can potentially provide this information separately. We redact the records to limit dissemination of this information in the event the records are publicly filed." With respect to section 2(b), the City stated it was working on a response to the question posed regarding CR files.

7. On July 29, Plaintiff confirmed he would "object to producing the documents with home addresses, emails and telephone numbers redacted. We would agree to redact that information so that it would be protected from public dissemination if filed in court documents."

8. The City did not provide Plaintiff with a response to its question regarding section 2(b).

## LEGAL STANDARD

9. "Any step that withdraws an element of the judicial process from public view ... requires rigorous justification." *Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir.1992). Under Rule 26, a court may issue a confidentiality order protecting the public dissemination of information upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). Showing good cause is a "heavy burden." *Chicago Mercantile Exchange, Inc. v. Technology Research Group, LLC*, 276 F.R.D. 237, 241 (N.D. Ill. 2011). Good cause is shown where the party seeking to maintain documents as confidential establishes "disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Id*. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id*. A showing of good cause requires a party to present "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

## ARGUMENT

10. The City seeking to preclude information from discovery by Plaintiff is not the sort of protection typically envisioned by a CO. Rather, the purpose of a CO is to prevent *public* dissemination of private information, not to prevent disclosure through the discovery process between the parties in litigation. See *Murray v. Nationwide Better Health*, No. 10-cv-3262 (C.D. Ill. Mar. 2, 2012); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348-49 (7th Cir. 2006). Here, the City seeks to prevent the disclosure of information such as home addresses, private email addresses and personal telephone numbers *to Plaintiff*, not to the public. The City's

provision would allow it to redact this information from Plaintiff upon producing the requested documents. Plaintiff has already agreed to treat the information as Confidential and redact the information from public filings. The City has not met its burden of showing good cause to redact this information from its productions to Plaintiff during the discovery process.

11. Section 2(b) of the City's proposed Confidentiality Order carves out a process for the public dissemination of CR files produced, applying "preliminary protection from public dissemination pursuant to this Oder consistent with the 'voluminous requests' procedures under Illinois FOIA law (5 ILCS 140(2Ih) and 3.6)." (Dkt. 26-1 p. 2). Plaintiff requested the City to explain the necessity of this provision, if the information is otherwise treated as Confidential like other confidential records produced in discovery. The City indicated it would address the question and did not do so. Neither does its Motion. (Dkt. 26, ¶ 6). Accordingly, the City has not sustained its burden of showing good cause for this added provision.

12. For the reasons stated above, Plaintiff asks this Court to deny the City's Corrected Motion for Confidentiality Order.

Respectfully submitted,

Dated: August 17, 2022

/s/ *Janaan Hashim*
Janaan Hashim

Janaan Hashim, Esq.
Amal Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601

4

312-882-4122
jhashim@amallaw.com


Christina Abraham, Esq.
Abraham Law and Consulting, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 588-7150
Christina.w.abraham@gmail.com

*Counsels for plaintiff*

5

**Certificate of Service**

The undersigned attorney hereby certifies that she caused a copy of **Plaintiff's Memorandum In Opposition To Defendant's Corrected Motion For Confidentiality Order** to be served upon the parties assigned for service via electronic mail to the below email addresses on August 17, 2022.

John M. Catalano, Jr.
Scott Crouch
Derek Kuhn
Assistant Corporation Counsels
City of Chicago, Dept. of Law
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, IL 60602
john.catalano2@cityofchicago.org
scott.crouch@cityofchicago.org
derek.kuhn@cityofchicago.org

/s/Janaan Hashim

Janaan Hashim
Attorney for the Plaintiff

Janaan Hashim
Amal Law Group, LLC
161 N. Clark Street, Suite 1600
312-882-4122